BLAKE J. RUSSUM (SBN 258031)
ROPERS MAJESKI PC
1001 Marshall Street, 5th Floor
Redwood City, CA 94063
Telephone: 650.364.8200
Facsimile: 650.780.1701
Email: blake.russum@ropers.com

Attorneys for Plaintiff
LIBERTY INSURANCE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HOUSTON, an individual; JAY W. CALVERT, an individual; JAY CALVERT, M.D. PROFESSIONAL CORPORATION, a corporation.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, LIBERTY INSURANCE CORPORATION ("Liberty"), alleges as follows:

**PARTIES**

1. Liberty is, and, at all times herein mentioned, was, an insurance company authorized to do, and doing, business in the State of California.

2. Liberty is a corporation organized under the laws of the State of Vermont. Liberty's principal place of business is in Boston, Massachusetts.

3. Liberty is informed and believes, and thereon alleges, that Defendant Michael Houston ("Houston") is, and, at all times herein mentioned, was, an individual residing in Orange, California.

4. Liberty is informed and believes, and thereon alleges, that Defendant Jay W. Calvert ("Calvert") is, and, at all times herein mentioned, was, an individual residing in Beverly Hills, California.

5. Liberty is informed and believes, and thereon alleges, that Defendant Jay Calvert, M.D., Professional Corporation ("Calvert Professional Corporation") is, and, at all times herein mentioned, was, a professional corporation authorized to do, and doing, business in the State of California.

6. Liberty is informed and believes, and thereon alleges, that the Calvert Professional Corporation is a corporation organized under the laws of the State of California. Liberty is further informed and believes, and thereon alleges, that the Calvert Professional Corporation's principal place of business is Newport Beach, California.

ROPERS MAJESKI
A Professional Corporation
Redwood City

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000 and this action is between citizens of different states.

8. Further, this Court has, and should exercise, discretion to award a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

9. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b), because Defendants Houston, Calvert, and the Calvert Professional Corporation (collectively, the "Defendants") are located in this District, the events or omissions giving rise to the claim occurred in this District, and the subject insurance policy was delivered to Houston in this District.

## THE CONDOMINIUM INSURANCE POLICY

10. Liberty issued a LibertyGuard Condominium Policy to Houston, Policy Number H67-261-285482-409, effective February 22, 2019 to February 22, 2020 ("the Policy").

ROPERS MAJESKI
A Professional Corporation
Redwood City

11. Under Section II – Liability Coverages, Coverage E, Personal Liability, the Policy provides the following insuring agreement:

> If a claim is made or a suit is brought against any "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. Damages include prejudgment interest awarded against the "insured"; and
>
> 2 Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

12. The Policy contains the following pertinent definitions:

> 1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.
>
> * * *
>
> 5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>
>    a. "Bodily injury"; or
>
>    b. "Property damage."

6. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

* * *

13. The Policy contains the following pertinent Section II Conditions:

**1. Limit of Liability.** Our total liability under Coverage E for all damages resulting from any one "occurrence" will not be more than the limit of liability for Coverage E as shown in the Declarations. This limit is the same regardless of the number of "insureds," claims made or persons injured. All "bodily injury" and "property damage" resulting from any one accident or from continuous or repeated exposure to substantially the same general harmful conditions shall be considered to be the result of one "occurrence."

* * *

**3. Duties After Loss.** In case of an accident or "occurrence," the "insured" will perform the following duties that apply. You will help us by seeing that these duties are performed:

a. Give written notice to us or our agent as soon as is practical, which sets forth:

(1) The identity of the policy and "insured";

(2) Reasonably available information on the time, place and circumstances of the accident or "occurrence"; and

(3) Names and addresses of any claimants and witnesses;

b. Promptly forward to us every notice, demand, summons or other process relating to the accident or "occurrence";

* * *

14. The Policy contains the following pertinent Sections I and II Conditions:

ROPERS MAJESKI
A Professional Corporation
Redwood City

**1. Policy Period.** This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

**2. Concealment or Fraud.**

* * *

**b.** Under SECTION II - Liability Coverages, we do not provide coverage to one or more "insureds" who, whether before or after a loss, have:

(1) Intentionally concealed or misrepresented any material fact or circumstance;

(2) Engaged in fraudulent conduct; or

(3) Made false statements;

relating to this insurance.

* * *

15. Pursuant to Houston's request, the Policy was amended, effective June 12, 2019, to include personal injury coverage, subject to all other provisions of the Policy. Houston obtained this additional coverage in exchange for a payment of additional premium. Thus, the Policy, effective June 12, 2019, contains a PERSONAL INJURY endorsement (form HO 24 82 04 91) ("Personal Injury Endorsement"), which provides as follows:

**PERSONAL INJURY**

For an additional premium, under Coverage E - Personal Liability, the definition "bodily injury" is amended to include personal injury.

"Personal injury" means injury arising out of one or more of the following offenses:

1. False arrest, detention or imprisonment, or malicious prosecution;

2. Libel, slander or defamation of character; or

3. Invasion of privacy, wrongful eviction or wrongful entry.

Section II Exclusions do not apply to personal injury. . .

* * *

All other provisions of this policy apply.

* * *

16. In addition to the above, California Insurance Code § 533 provides "[a]n insurer is not liable for a loss caused by the willful act of the insured." Section 533 creates a statutory exclusion that is read into every insurance policy. Thus, California Insurance Code § 533 prohibits Liberty from providing indemnity for any damages arising from willful conduct.

**THE UNDERLYING ACTION**

17. Houston has been named as a defendant in a lawsuit filed by Calvert and the Calvert Professional Corporation, which alleges liability for defamation, entitled *Calvert, et al. v. Fox Television Stations LLC, et al.,* Los Angeles County Superior Court, Case Number 20STCV21742 ("the Underlying Action"). Liberty hereby incorporates by reference the Complaint filed by Defendants Calvert and the Calvert Professional Corporation in the Underlying Action, for the sole purpose of establishing the allegations made against Houston in the Underlying Action, not to establish the truth of the allegations.

18. The Complaint in the Underlying Action alleges that Houston is one of the principal sources of false information incorporated in Fox Television Stations LLC's ("Fox") defamatory broadcasts and accompanying online news stories, which accuse Calvert of criminal fraud, medical malpractice, and unethical conduct as a physician and surgeon. The Complaint alleges that the first offending broadcast was aired on May 13, 2019 and was accompanied by an online story on that same day. The Complaint alleges that Houston leveled multiple defamatory

ROPERS MAJESKI
A Professional Corporation
Redwood City

accusations against Calvert, grouped into the following categories: (1) false accusations that Calvert permitted substitute medical students to perform surgeries on patients without their knowledge or consent; (2) false accusations that Calvert engaged in criminal insurance fraud; (3) false accusations that Calvert encouraged patients to submit to medical procedures they did not need; (4) false accusations that Calvert committed medical malpractice; and (5) false accusations that Calvert threatened patients if they exposed his alleged wrongdoing.

19. The Complaint in the Underlying Action alleges that Houston stated that Calvert falsely diagnosed him with a nose issue and fabricated a story that a box fell on Houston's nose, in order to improperly bill Houston's medical insurer over $150,000 for the cosmetic surgery. The Complaint alleges that Houston also stated that he was promised other cosmetic surgeries for no charge if Houston permitted the procedures to be filmed; however, those procedures were billed to Houston's medical insurer. The Complaint also alleges that Houston stated that Calvert threatened Houston when they discussed the issue of insurance fraud, and that Calvert warned that he would take Houston down with him if he ever went down for insurance fraud.

20. The Complaint in the Underlying Action alleges that Calvert made a demand for correction on May 30, 2019, but the allegedly defamatory publications were not corrected, or taken down. The Complaint alleges that the retraction letter demanded that Fox retract the news stories, in part, on the basis that Houston's statements were demonstrably false, noting that Houston's same false claims had been rejected by the Medical Board of California.

**FACTS COMMON TO ALL CLAIMS**

21. Upon being served with the Complaint in the Underlying Action, Houston tendered his defense and indemnity of the Underlying Action to Liberty under the Policy. Immediately upon receipt of the tender, Liberty conducted an investigation into its coverage obligations under the Policy, if any, with respect to

ROPERS MAJESKI
A Professional Corporation
Redwood City

the Underlying Action.

22. Liberty's coverage investigation determined that Fox contacted Houston in April 2019 to discuss a news story that it was planning to publish relating to Calvert. Houston was willing to speak with Fox concerning his prior experiences with Calvert, including, but not limited to, Calvert's insurance billing practices for cosmetic procedures. Representatives from Fox contacted Houston and advised that Fox required corroborating evidence to support Houston's claims, before it would publish the story, due to Fox's concerns for potential defamation liability. In fact, Fox informed Houston there was a possibility that Houston would be sued for defamation by Calvert for the statements made during any potential interview. Given the concerns for liability, and requirement of corroborating evidence before running the story, Houston provided Fox with his insurance EOBs and insurance statements to establish the truth of his claims to be made against Calvert as part of the broadcast. Houston voluntarily elected to go forward with the interview with Fox in April 2019 and gave Fox consent to broadcast the statements made during his interview, even though Fox had cautioned Houston that the interview could result in a lawsuit being filed against him. Houston advised Liberty that all statements made during the interview were true, and Houston was especially careful during the interview to not say anything untrue about Calvert, in light of his awareness of the liability risks being taken during the interview.

23. Liberty's coverage investigation further determined that Houston was aware of Calvert's defamation claim against him at the time he contacted Liberty to request that personal injury coverage be added to the Policy. Specifically, on June 11, 2019, approximately two months after the Fox interview, one month after the offending Fox broadcast, and weeks after Calvert demanded the story be retracted, Houston contacted Liberty to request that the Personal Injury Endorsement be added to the Policy. On June 11, 2019, Houston spoke with Liberty's representative, who provided an explanation of the Policy's liability coverage. At

ROPERS MAJESKI
A Professional Corporation
Redwood City

that time, the Policy, subject to its terms, conditions, limitations, and exclusions, afforded personal liability coverage, but did not provide personal injury coverage for the offense of defamation. After the discussion, Houston requested that the Policy be amended to include personal injury coverage. However, Liberty's investigation did not reveal any facts or evidence to suggest that Houston notified Liberty of his knowledge of Calvert's potential claim for defamation liability at the time he requested the additional coverage be included in the Policy.

24. During Liberty's coverage investigation, Houston confirmed that he requested that personal injury liability coverage be added to his Policy, but he could not recall when in 2019 he made the request. In explaining his decision to add the coverage, Houston initially stated that wanted to be sure that he had liability coverage for matters arising out of automobile accidents. Houston later explained that he added the additional coverage, because he was having construction work performed at his condominium and wanted assurance that he would be covered to the extent that any contractors were injured on his property. Houston suggested that he was generally unaware of the distinction between the personal liability coverage afforded by the Policy before June 11, 2019, which, subject to its terms and conditions, already insured against the premises liability concerns he raised, and the personal injury coverage for certain delineated offenses that was added to the Policy, effective June 12, 2019, pursuant to his request. Houston, thus, indicated to Liberty that he was unaware that he had obtained potential insurance coverage for defamation liability at the time he requested that the Personal Injury Endorsement be added to the Policy's, which was shortly after being cautioned by Fox about his potential defamation liability in connection with the news story about Calvert.

25. Liberty has agreed to provide a defense of the claims asserted against Houston in the Underlying Action, subject to a full and complete reservation of rights under the Policy. Liberty's reservation of rights included, but was not

limited to, the right to file a declaratory relief action, the right to withdraw from the defense, the right to seek reimbursement and/or allocation of all defense fees attributable to the defense of claims that were not covered by the Policy, pursuant to the California Supreme Court's decision in *Buss v. Superior Court,* 16 Cal.4th 35 (1997), and the right to seek reimbursement of any reasonable settlement paid, pursuant to California Supreme Court's decisions in *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005) and *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001).

26. Pursuant to the terms and conditions of the Policy's insuring agreement, the Policy's applicable conditions, limitations, and exclusions, Liberty has no duty to defend or indemnify Houston against any of the claims and/or damages asserted against him in the Underlying Action.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief – No Duty to Defend – All Defendants)**

27. Liberty hereby repeats and re-alleges each and every allegation contained in Paragraphs 1 through 26 as though set forth verbatim herein.

28. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations, if any, of the parties, under the Policy, on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

29. An actual and real controversy now exists herein between Liberty and the Defendants, as to whether insurance coverage is afforded under the Policy for the claims and/or damages asserted in the Underlying Action. Liberty contends that the claims and/or damages asserted in the Underlying Action are not covered, or even potentially covered, under the Policy. Liberty contends that it does not now have, nor has it ever had, a duty to defend Houston in the Underlying Action, pursuant the terms, conditions, limitations, and exclusions of the Policy. Liberty is informed and believes that the Defendants contend that some of the claims described in the Underlying Action are covered, or at least potentially covered,

under the Policy. Therefore, Liberty seeks a determination of its rights and duties (if any) under the Policy, and a judgment in its favor that it has no duty to defend Houston against the claims and/or damages asserted against him in Underlying Action.

30. A justiciable controversy exists between the parties, including, but not necessarily limited to, the following: Whether Liberty has a duty to defend Houston in the Underlying Action pursuant to the express terms, conditions, limitations, and exclusions of the Policy.

31. Accordingly, pursuant to 28 U.S.C. § 2201, Liberty seeks a declaration from the Court that it has no duty to defend Houston in the Underlying Action.

## **SECOND CAUSE OF ACTION**

**(Declaratory Relief – No Duty to Indemnify – All Defendants)**

32. Liberty hereby repeats and re-alleges each and every allegation contained in Paragraphs 1 through 31 as though set forth verbatim herein.

33. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations, if any, of the parties, under the Policy, on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

34. An actual and real controversy now exists herein between Liberty and the Defendants, as to whether insurance coverage is afforded under the Policy for the claims and/or damages asserted against Houston in the Underlying Action. Liberty contends that the claims and/or damages asserted in the Underlying Action are not covered under the Policy. Accordingly, Liberty has no duty to indemnify Houston against the claims and/or damages asserted against him in the Underlying Action, pursuant the terms, conditions, limitations, and exclusions of the Policy, along with the application of Insurance Code § 533. Liberty is informed and believes that the Defendants contend that some of the claims described in the Underlying Action are covered under the Policy. Therefore, Liberty seeks a determination of its rights and duties (if any) under the Policy, and a judgment in its

favor that it has no duty to indemnify Houston for any damages awarded against him in the Underlying Action.

35. A justiciable controversy exists between the parties, including, but not necessarily limited to, the following: Whether Liberty has a duty to indemnify Houston in the Underlying Action pursuant to the express terms, conditions, limitations, and exclusions of the Policy, and the provisions of Insurance Code § 533.

36. Accordingly, pursuant to 28 U.S.C. § 2201, Liberty seeks a declaration from the Court that it has no duty to indemnify Houston in the Underlying Action.

## THIRD CAUSE OF ACTION

### (Declaratory Relief – Validity and Enforceability of Personal Injury Endorsement – All Defendants)

37. Liberty hereby repeats and re-alleges each and every allegation contained in Paragraphs 1 through 36 as though set forth verbatim herein.

38. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations, if any, of the parties, under the Policy, on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

39. An actual and real controversy now exists herein between Liberty and the Defendants as to whether the Policy's Personal Injury Endorsement is valid and enforceable. Liberty contends that the Personal Injury Endorsement is neither valid nor enforceable, by reason of Houston's breach of the Policy conditions, and by application of law. Accordingly, Liberty has no duty to defend or indemnify Houston from the claims and/or damages asserted against him in the Underlying Action. Liberty is informed and believes that the Defendants contend that the Personal Injury Endorsement is valid and enforceable. Therefore, Liberty seeks a determination of the validity and enforceability of the Personal Injury Endorsement, and a judgment in its favor that the Personal Injury Endorsement is invalid and unenforceable, and, thus, Liberty has no duty to defend or indemnify Houston

ROPERS MAJESKI
A Professional Corporation
Redwood City

against any damages awarded against him in the Underlying Action.

40. A justiciable controversy exists between the parties, including, but not necessarily limited to, the following: Whether the Policy's Personal Injury Endorsement is valid and enforceable, under California law.

41. Accordingly, pursuant to 28 U.S.C. § 2201, Liberty seeks a declaration from the Court that the Policy's Personal Injury Endorsement is neither valid nor enforceable, and that Liberty has no duty to defend or indemnify Houston in the Underlying Action.

## FOURTH CAUSE OF ACTION

**(Declaratory Relief – Reimbursement of Defense Fees and Expenses – Defendant Michael Houston)**

42. Liberty hereby repeats and re-alleges each and every allegation contained in Paragraphs 1 through 41 as though set forth verbatim herein.

43. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations, if any, of the Parties, under the Policy, on the grounds that an actual controversy exists within the meaning of 28 U.S.C. § 2201.

44. An actual and real controversy now exists herein between Liberty, on one hand, and Houston, on the other, as to whether Liberty is entitled to reimbursement for the defense fees and costs that it has incurred in providing a defense under the Policy of the claims asserted against him in the Underlying Action. Liberty contends that the claims asserted in the Underlying Action have never been, nor are they now, potentially covered under the Policy, and that, pursuant to *Buss v. Superior Court,* 16 Cal.4th 35 (1997), Liberty is entitled to reimbursement for all defense fees and costs it has incurred in providing Houston with a defense in the Underlying Action. Liberty is informed and believes that Houston contends that Liberty is not entitled, under the Policy, to reimbursement for the defense fees and costs it has incurred in providing him with a defense in the Underlying Action. Therefore, Liberty seeks a determination of its rights under the

ROPERS MAJESKI
A Professional Corporation
Redwood City

Policy, and a judgment in its favor, that it is entitled to reimbursement for all defense fees and costs it has incurred in providing Houston with a defense in the Underlying Action.

45. A justiciable controversy exists between the Liberty and Houston, including, but not necessarily limited to, the following: whether Liberty is entitled to reimbursement for the defense fees and costs it has incurred in providing Houston with a defense in the Underlying Action.

46. Accordingly, pursuant to 28 U.S.C. § 2201, Liberty seeks a declaration from the Court that it is entitled to reimbursement for the defense fees and costs it has incurred in providing Houston with a defense in the Underlying Action, along with an award of prejudgment interest on all defense fees and costs awarded.

## PRAYER FOR RELIEF

WHEREFORE, Liberty prays for judgment against Defendants as follows:

1. For a declaration that Liberty has no duty to defend Houston in the Underlying Action, pursuant to the express terms, conditions, limitations, and exclusions of the Policy;

2. For a declaration that Liberty has no duty to indemnify Houston in the Underlying Action, pursuant to the express terms, conditions, limitations, and exclusions of the Policy, and the provisions of Insurance Code § 533.

3. For a declaration that the Policy's Personal Injury Endorsement is not valid or enforceable under California law, and thus Liberty has no duty to defend or indemnify Houston in the Underlying Action, pursuant to the express terms, conditions, limitations, and exclusions of the Policy

4. For a declaration that Houston is obligated to reimburse Liberty for all defense fees and costs it has incurred in providing him with a defense in the Underlying Action;

5. For a declaration that Liberty is the prevailing party in the action;

///

6. For costs of suit and fees incurred herein; and

7. For such further and other relief as the Court deems just and proper.

Dated: September 1, 2020

ROPERS MAJESKI PC

By: */s/ Blake J. Russum*
BLAKE J. RUSSUM
Attorneys for Plaintiff
LIBERTY INSURANCE CORPORATION

ROPERS MAJESKI
A Professional Corporation
Redwood City